J. B. COOK v. BENEFIT LEAGUE OF MINNESOTA.

May 25, 1899.

Nos. 11,547—(116).

**Insurance Contract—Ambiguity—Construction.**
Rule applied that, where a contract of insurance is ambiguous, it will be construed most strongly against the insurer and in favor of the insured.

**Accident Insurance—Amputation of Fingers—Construction of Policy.**
By reason of having the fingers of both hands amputated, the insured was totally and permanently disabled "from prosecuting any and every kind of business pertaining to" his occupation. The policy provided for indemnity against loss of time in such a case by the payment of a certain sum per week, not exceeding 52 weeks. The policy also provided for in-

demnity at the same rate per week for loss of time caused by temporary total disability, or by sickness caused by disease. The application and by-laws provided that benefits would be allowed only while the insured was under the care of a physician or surgeon, or, in the case of amputations, until they healed. *Held,* these provisions did not apply to such a case as this, but only to cases of temporary total disability and to cases of sickness from disease, and that plaintiff is entitled to recover for the whole 52 weeks, though the amputations healed before the end of that time.

Action in the district court for Hennepin county to recover $445.16 on a policy of insurance. The court, Johnson, J., made an order granting defendant's motion for judgment on the pleadings against defendant and in favor of plaintiff for $40, without costs. From the judgment entered pursuant to the order, plaintiff appealed. Reversed.

*James E. O'Brien* and *C. W. Somerby,* for appellant.

*Keith, Evans, Thompson & Fairchild,* for respondent.

CANTY, J.

This is an appeal from a judgment ordered on the pleadings. The defendant is a casualty insurance company doing business on the co-operative or assessment plan. It accepted plaintiff as a member, and issued to him a certificate or policy of insurance, by the terms of which it insured him,

"A stereotyper by occupation, * * * in the manner following, subject to the conditions and by-laws, against personal bodily injuries, effected during the continuance of membership through external, violent, and accidental means, total and permanent disability, and death, to wit:

"First. In the sum of $9.33 per week against loss of time, not exceeding 52 consecutive weeks, resulting from bodily injuries effected through means aforesaid, * * * wholly and continuously disabling said member from prosecuting any and every kind of business pertaining to the occupation above stated.

"Second. If, at any time after this policy has been in full force and effect for the term of 60 days, the above-named member shall, through sickness or disease that begins after the expiration of the above term, become totally disabled, and such sickness or disease shall, independent of all other causes, wholly and continuously disable and prevent said member from prosecuting any and all kinds of business, upon satisfactory proofs to the league of such total and

continuous disability the member shall thereafter be entitled to, and will receive, five dollars the first week, and thereafter ten dollars per week, during the time the member is necessarily and continuously confined to his bed, not to exceed thirty weeks, or five dollars per week while confined to his house and not to bed, if attended by a physician."

Third. In case of the death of plaintiff after 60 days' membership, and while still a member in good standing, the defendant agrees to pay to a certain named beneficiary the sum of $100. The application for membership, signed by plaintiff, contained the following:

"I further understand and agree  *  *  *  that no benefits will be allowed on any claim for a longer period than I am under the professional care of a physician or surgeon,  *  *  *  and that, in case of wounds and amputations, benefits will be paid for such time as it takes the same to heal, and no longer."

A copy of this application was attached to the certificate or policy, and the by-laws contained provisions similar to those last quoted. The plaintiff was by his injuries "wholly and continuously disabled" "from prosecuting any and every kind of business pertaining to the occupation above stated." His disability was "total and permanent." But he was under the care of a physician only two months, and the wounds caused by the amputation of his fingers healed in eight weeks and three days after the injury. Defendant paid him $40, and admits that he is entitled to recover $39.30 more, which will pay for the eight weeks and three days at the rate of $9.33 per week. Defendant offered to allow judgment to be taken against it for $40, and on defendant's motion the court ordered judgment accordingly.

It will be observed that said division "first" of the policy and said provisions of the application and by-laws appear to be somewhat in conflict, and to render the contract between the parties somewhat ambiguous. One provides that for "permanent disability," "wholly and continuously disabling" the insured "from prosecuting any and every kind of business pertaining" to his occupation, he shall be indemnified "against loss of time, not exceeding 52 consecutive weeks." The other provides that the insured shall receive benefits only while he is under the care of a physician or

surgeon, or until the wounds caused by the amputations have healed. If these latter provisions do not apply to such a case as this, the plaintiff is entitled to be indemnified against loss of time for the whole 52 weeks. Where a contract of insurance is ambiguous, it must be construed most strongly against the insurer and in favor of the insured. Pettit v. State Ins. Co., 41 Minn. 299, 43 N. W. 378. Keeping this rule in view, we are of the opinion that said latter provisions do not apply to this case.

It will be observed that the contract of insurance covers four classes of cases: (1) Total temporary disability; (2) total permanent disability; (3) sickness from disease; and (4) death. This is especially evident from the language first above quoted, which speaks of (1) "personal bodily injuries effected  *  *  *  through external, violent, and accidental means"; (2) "total and permanent disability"; and (4) "death." To this must be added (3) sickness from disease, provided for in said division "second" of the policy. If respondent's position is correct, there is, under this contract, no difference between the first and second of these classes, and the word "permanent," found in the clause "total and permanent disability," is wholly meaningless. As we construe the contract, the above-quoted provisions of the application and by-laws apply only to the first and third of said classes of cases, but do not apply to the second, within which this case falls. Then, if plaintiff's toes had been amputated, instead of his fingers, his case would fall within the first class. His total disability would be only temporary, and, when the wounds healed over, he would cease to be wholly disabled "from prosecuting any and every kind of business pertaining to" his occupation, and could not recover indemnity beyond that time. But this is not such a case.

Judgment reversed.