As Benjamin Kauffman died in 1887, and in 1889 his heirs conveyed the farm to W. H. Kunkle, and in 1901 the railroad company acquired in fee simple the strip of land which it occupies across said farm, it is clear that Benjamin Kauffman's administrators have no standing, nor has anyone else, to have viewers appointed as prayed for : McClinton v. Pittsburg, etc., Ry. Co., supra; Keller v. Harrisburg, etc., Railroad Co., 151 Pa. 67.

Further, a proceeding like the present must be instituted by the holder of the title, either as owner or lessee; it cannot be begun by an administrator.

And now, February 3, 1902, the rule granted on January 7, 1902, is discharged.

*Error assigned* was the order of the court.

*William S. Hoerner*, with him *D. Watson Rowe* and *F. E. Beltzhoover*, for appellant.

*Wetzel & Hambleton*, for appellee, were not heard.

PER CURIAM, May 19, 1902 :

The order appealed from is affirmed on the opinion of the learned judge of the common pleas.

---

## Keefer, Appellant, *v.* Modern Woodmen of America.

*Insurance—Life insurance—Suicide.*

No recovery can be had upon a policy of life insurance where the insured has killed himself, if the policy contains the following provision : " If the member holding this certificate shall die within three years after becoming a member of this society as a result of any means or act which, had such means or act been used or done by him while in possession of all his natural faculties unimpaired, would be deemed self-destruction, then this certificate shall be null and void and of no effect."

Argued April 28, 1902.   Appeal, No. 396, Jan. T., 1901, by plaintiff, from judgment of C. P. Cumberland Co., Sept. T., 1900,

No. 194, for defendant non obstante veredicto in case of Alice
Grace Keefer to use of John Hays v. Modern Woodmen of
America.  Before McCollum C. J., Mitchell, Dean, Fell
and Potter, JJ.  Affirmed.

Assumpsit upon a policy of life insurance on the life of John
A. Keefer.  Before E. W. Biddle, P. J.

At the trial the court directed a verdict in favor of the plain-
tiff for $3,376, subject to the following questions reserved:

1. Is the defendant a fraternal beneficiary society, or is it an
assessment life insurance company?

2. Does the fact that John A. Keefer, the insured, committed
suicide on August 18, 1899, whilst insane, relieve the defend-
ant of liability in the present action?

Subsequently the court filed an opinion in which it held that
the defendant was an assessment life insurance company in so
far as the rights of the plaintiff were concerned.  As to the
second point reserved the opinion was in part as follows:

The parties have filed an agreement cencerning the death of
John A. Keefer, as follows:  " It is further stipulated that said
John A. Keefer came to his death by his own hands, and not
by accident, his death resulting from a gun shot wound; that
he was insane when he committed the act which caused his
death and that he was impelled thereto as a result of his in-
sanity."

In Pennsylvania no recovery can be had upon a policy of
life insurance, where the insured has killed himself whilst in-
sane, if the policy contains a condition that it shall be void in
case the person insured shall die of suicide " sane or insane: "
Tritschler v. Keystone Mut. Benefit Association, 180 Pa. 205;
Sargeant v. National Life Insurance Co., 189 Pa. 341.  The
benefit certificate before us contains substantially such a provi-
sion.  The language, " If the member holding this certificate
shall die within three years after becoming a member of this
society, as a result of any means or act, which, had such means
or act been used or done by him while in possession of all his
natural faculties unimpaired, would be deemed self-destruction,
then this certificate shall be null and void and of no effect,"
clearly includes the death of the insured by self-destruction
whether he was sane or insane at the time.  Therefore, as was

said in Sargeant v. Insurance Co., supra, the crucial question is, "Did he die of his own act? If he did, that kind of a death was a risk against which the policy did not insure. It was outside of the policy, and hence the policy was inapplicable." Governed by the established doctrine on this subject, the second reserved question is answered in the affirmative.

And now, December 10, 1901, in conformity with the foregoing opinion, the verdict of the jury is set aside, and it is ordered that judgment be entered in favor of the defendant, non obstante veredicto, upon payment of the jury fee.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

*John Hays*, of *Hays & Hays*, with him *W. F. Sadler*, for appellant.

*J. W. White, F. B. Wickersham* and *Wetzel & Hambleton*, for appellee.

PER CURIAM, May 19, 1902:

The clause of the benefit certificate relating to suicide by the insured was properly construed, and the judgment is affirmed for the reasons stated in the opinion.

---

# Keefer *v.* Modern Woodmen of America, Appellant.

Argued April 28, 1902. Appeal, No. 84, Jan. T., 1902, by defendant, from judgment of C. P. Cumberland Co., Sept. T., 1900, No. 194, for defendant, non obstante veredicto, in case of Alice Keefer to use v. Modern Woodmen of America. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL and POTTER, JJ. Affirmed.

PER CURIAM, May 19, 1902:

The judgment having been affirmed on the appeal by the plaintiff, No. 396, January term, 1901, this cross-appeal by the defendant raises no material question, and is dismissed.