(103 N. W. 408.)

---

PETER CLEMENS, GEORGE A. CLEMENS, WALTER H. CLEMENS, MARY C. CLEMENS AND GRACE A. CLEMENS, MINORS, BY ANNA CLEMENS, THEIR GUARDIAN, v. ROYAL NEIGHBORS OF AMERICA.

Opinion filed February 28, 1905.

### Life Insurance — Suicide.

1. Under the language of a benefit certificate of insurance in a fraternal society, stating that said certificate shall be void "if the member holding this certificate  *  *  *  shall die  *  *  *  by any means or act which if used or done by such member while in the possession of all natural faculties unimpaired  *  *  *  would be self-destruction," a death by suicide avoids the policy; and such language is equivalent to providing that death by self-destruction, whether sane or insane, avoids the policy.

**Death by Suicide Not Presumed — Evidence — Construction of Policy.**

2. In case of death under circumstances not explained, the legal presumption is that such death was not by suicide, and that presumption will remain until overcome by evidence establishing a death by suicide.

**Same — Directed Verdict.**

3. Where the circumstances surrounding the death of a person all point to death by suicide, and there are no facts from which a different conclusion might be reasonably reached or inferred, a directed verdict will be sustained—that death was caused by suicide.

**Note in Handwriting of the Suicide Found With Remains Admissible.**

4. Where a note is found in a room where a person is found dead, caused by violence, and such note is in the handwriting of the deceased, and gives directions as to burial and other matters, such note is competent evidence on the question whether the death was suicide or not.

**Ambiguous Language Construed.**

5. Ambiguous language in a certificate of insurance will be construed in favor of the insured.

Appeal from District Court, Cass county; *Pollock,* J.

Action by Peter Clemens and others against the Royal Neighbors of America. Judgment for defendant and plaintiffs appeal.

Affirmed.

*S. G. Roberts* and *Martin Ryan,* for appellants.

It was error to admit proofs of death on the trial, they being made on hearsay by the guardian of the minor plaintiffs. Stevens v. Continental Casualty Co., 12 N. D. 463, 97 N. W. 862; 15 Am. & Eng. Enc. Law (2d Ed.) 71; 2 Jones on Evidence, section 361.

It was error denying motion to strike out coroner's certificate in medical proof of death. 2 Jones on Evidence, section 368.

It was error to admit parol evidence of the contents of the note alleged to have been found in the room where deceased's body was found, there being no proof that it was in the handwriting of decedent, or that it was written contemporaneously with or immediately prior to his death; and is not a confession or admission of an intent to commit suicide, or any other wrongful act, and is no part of the res gestae. Fitch v. Popular Life Ins. Co., 59 N. Y. 557, 17 Am. Rep. 372; Bridges v. Eggleston, 7 Am. Dec. 212; Rawls v.

American Mut. Life Ins. Co., 27 N. Y. 282, 84 Am. Dec. 280; Swift v. Massachusetts Mut. Life Ins. Co., 63 N. Y. 186, 20 Am. Rep. 522; Seiler v. Economic Life Ass'n, 74 N. W. 941.

Unless the note was part of the res gestae it would not be binding on the plaintiffs. Metcalf v. Conner, 12 Am. Dec. 340.

There must be proof by competent evidence of death resulting from a bullet wound in the head before any admission or declaration of the deceased is admissible. I Bish. Crim. Pro., section 1058; Wharton Crim. Ev., section 632; Wills Circumstantial Ev. 88; People v. Jones, 31 Cal. 566; Mathews v. State, 28 Am. Rep. 698.

Parol proof of the contents of the note found in the room with decedent's body was not admissible, there being no evidence of the loss or destruction of the original. Jones on Evidence, section 599.

It was error to admit the opinion of the witness Samuel Mitchell as to the cause of death, there being no proper foundation laid by showing the witness to be qualified to express an opinion, and such opinion not being based upon any examination made by the witness or any other person. 2 Jones on Evidence, section 370.

Expert opinion must be based upon facts within the knowledge of the witness or upon proper hypothetical questions. Rogers on Ex. Testimony, 113.

It was error to admit the evidence of the same witness as to the cause of the wound and as to who inflicted it, such facts being solely for the jury. Rogers on Ex. Testimony, 129; People v. Hare, 57 Mich. 505, 24 N. W. 843; State v. Rainsbarger, 37 N. W. 153.

It was error to direct a verdict for the defendant. The cause of death and by whom inflicted can only be drawn from the facts proved, and the jury alone can draw such inferences. Stevens v. Continental Casualty Co., supra; Anthony v. Mercantile Mut. Accident Ass'n, 162 Mass. 354, 38 N. E. 973, 26 L. R. A. 406, 44 Am. St. Rep. 367.

Suicide cannot be presumed, it must be proved by competent evidence. Modern Woodmen of America v. Kozak, 88 N. W. 248; Mitterwallner v. Sup. Lodge of the Knights of the Golden Star, 76 N. Y. Supp, 1001; Mutual Life Ins. Co. v. Wiswell, 44 Pac. 996; Sartell v. Royal Neighbors of America, 88 N. W. 985.

Evidence of suicide must be of a character to exclude with reasonable certainty any other cause of death. Leman v. Manhattan Life Ins. Co , 24 L. R. A. 589; Mutual Life Ins. Co. v. Wiswell, supra; Mallory v. Travelers Ins. Co., 47 N. Y. 52, 7 Am. Rep.

410; Equitable Life Ins. Ass'n v. Patterson, 5 Am. Rep. 535; N. W. Life Ins. Co. v. Hazlett, 55 Am. Rep. 192.

The language in the benefit certificate is vague and uncertain as to its meaning, and its obvious purpose being to mislead plaintiffs, defendant is estopped from claiming forfeiture under it. N. Y. Ins. Co. v. Eggleston, 96 U. S. 572, 24 L. Ed. 841; Phoenix Mut. Life Ins. Co. v. Doster, 106 U. S. 30, 27 L. Ed. 65.

Being ambiguous it must be construed against the insurers. Cook v. Benefit League of Minnesota, 79 N. W. 320; Wallace v. German Ins. Co., 41 Fed. Rep. 742; Rev. Codes, sections 3912 and 3778.

A contract of insurance will, if possible, be construed so as to avoid forfeiture. Bridge v. National Union, 76 N. W. 270.

Forfeiture is not to be declared unless the terms of the contract expressly require it. Warwick v. Supreme Council K. of D., 32 S. E. 951.

*Benj. D. Smith* and *Fred B. Morrill,* for respondent.

Parol evidence of the contents of the note found in the room with the body of deceased was properly admitted. Notice was served to produce the original. The presumption is that the writing would be among the effects of the deceased and pass to the possession of the plaintiffs. It was shown that it was not in such possession. It was shown to be lost and beyond the reach of the defendant. Under such circumstances parol evidence was clearly admissible. Kerr v. Modern Woodmen of America, 117 Fed. 593; Renner v. Bank of Columbia, 22 U. S. 581, 6 L. Ed. 166; Clark v. Hornbeck, 17 N. J. Eq. 430; Wade v. Wark, 13 Tex. 482.

The sufficiency of the proof that a written instrument cannot be procured by the party desirous of proving its contents by secondary evidence is for the trial court. Milford v. Veazie, 14 Atl. 730; Smith v. Brown, 151 Mass. 389, 24 N. E. 31; United States v. Sutter, 62 U. S. 170, 16 L. Ed. 119; Stratton v. Hawks, 43 Kan. 541, 23 Pac. 591; Carr v. Miller, 43 Ill. 179; Walker v. School Dist., 22 Conn. 326.

Its decision will not be reviewed unless based upon an error of law. Smith v. Brown, 151 Mass. 338, 24 N. E. 31; Bonds v. Smith, 106 N. C. 553; Gorgos v. Hertz, 150 Pa. St. 538; Bain v. Welsh, 85 Me. 108.

Evidence of the contents of the note was admissible as part of the res gestae, and as showing the intention with which the act was

done and the character and nature of the act. Hale v. Life Indemnity & Inv. Co., 68 N. W. 182; Weld v. Mutual Life Ins. Co., 61 Ill. App. 187; Rens v. N. W. Mut. Relief Ass'n, 75 N. W. 991; Conn. Life Ins. Co. v. McWhirter, 73 Fed. 44; Railway Co. v. Jackson, 81 Ind. 19; Kerr v. Modern Woodmen of America, 117 Fed. 593; Mutual Life Ins. Co. v. Hillmon, 145 U. S. 285, 12 Sup. Ct. Rep. 909; Rodgers v. Manhattan Life Ins. Co., 71 Pac. 348; Robbins v. Spencer, 38 N. E. 522.

The rule regarding the proof of the corpus delicti does not require that before evidence of who is the cause or perpetrator of the act or result may be *introduced* that the act itself must first be proved as done, but that before *conviction may be had* it must be proved that the act was in fact done. 3 Greenleaf on Evidence, section 30; State v. Davis, 48 Kan. 1; State v. Patter, 52 Vt. 33.

The opinion of Dr. Mitchell as to the cause of the death and who inflicted the wound was properly admitted. He was a physician and surgeon of fifteen years' experience; had had experience with bullets, and had actually examined the body and the wound. His opinion, based upon knowledge derived as attending physician and coroner and actual official examination, was clearly admissible as to the cause of the death and the instrument which caused it. 12 Am. & Eng. Enc. Law, 444; State v. Tippett, 94 Iowa, 646, 63 N. W. 445; People v. Hare, 57 Mich, 505, 24 N. W. 843; People v. Foley, 59 Mich. 440, 26 N. W. 699; Prince v. State, 100 Ala. 144, 46 Am. St. Rep. 28; People v. Wong Chuey, 117 Cal. 624, 49 Pac. 833; State v. Cross, 68 Iowa, 180, 26 N. W. 62.

The admissibility of the evidence as to deceased's social and business standing cannot be raised in this court, as the question was not followed up by an offer of evidence and it does not appear upon its face to be competent. Halley v. Folsom, 1 N. D. 325, 48 N. W. 219.

If such evidence was improperly excluded, it was immaterial error, as the evidence shows conclusively that the death of deceased was caused by his own act—intentionally.

Proofs of death are competent evidence as to the admission contained therein, and are binding upon the person in whose favor and for whose benefit they are made. Hart v. Trustees of Supreme Lodge of Fraternal Alliance, 84 N. W. 851; Hassencamp v. Mutual Ben. Ins. Co., 120 Fed. 475; Spruil v. Insurance Co., 27 S. E. 39; Travelers' Ins. Co. v. Nitterhouse, 38 N. E. 1110; Mut. Benefit Life

Ins. Co. v. Higginbotham, 95 U. S. 380, 24 L. Ed. 499; Modern Woodmen of America v. Kozak, 88 N. W. 248; Supreme Lodge v. Beck, 181 U. S. 49.

Such evidence is admissible and competent but not conclusive. The evidence shows that the physicians made a personal examination of the body, wound and the surrounding circumstances, and their statements were based upon personal knowledge and observation and not hearsay.  Under such circumstances the statements were clearly admissible.  United States Life Ins. Co. v. Kielgast, 22 N. E. 467, 6 L. R. A. 65; Supreme Lodge L. of H. v. Fletcher, 29 S. 523; Fien v. Association, 60 Ill. App. 274; Mut. Benefit Life Ins. Co. v. Higginbotham, supra; Metzradt v. Modern Brotherhood of America, 84 N. W. 498; 1 Greenleaf on Evidence, 566; Grand Lodge  v.  Weiting, 68 Ill. App. 408, 168 Ill. 408, 48 N. E. 59; Walther v. Mutual Ins. Co., 4 Pac. 413.

If there is sufficient competent evidence to justify  a  directed verdict upon any of the grounds upon which it is requested, such verdict will stand, although other evidence which was inadmissible was admitted or the verdict was directed upon an improper ground. Tabin v. McKinney, 84 N. W. 228; Meyers v. Kingston Coal Co., 17 Atl. 891.

Where the facts proven require a finding of suicide  the  court should direct a verdict to that effect for the party setting up such defense.  Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000; Inghram v. Nat'l Union Ins. Co., 72 N. W. 559; Komfield v. Supreme Lodge, 72 Mo. App. 604; Supreme Lodge v. Fletcher, 28 So. 523; Pagett v. Conn. Mut. Life Ins. Co., 55 N. Y. App.  Div.  638; Mutual Life Ins. Co. v. Tillman, 84 Tex. 31; Mutual Life Ins. Co. v. Haywood, 27 S. W. 36; Agen v. Metropolitan Life Ins. Co., 80 N. W. 1020; Rens v. N. W. Mutual Relief Ass'n, 75 N. W. 991; First Nat'l Bank v. Comfort, 4 Dak. 167, 28 N. W. 855; Metropolitan R. R. Co. v. Moore, 121 U. S. 558, 30 L. Ed. 1022.

The by-laws of a fraternal beneficiary society are a part of the contract of insurance as much as the certificate of application.  It makes no difference whether they were adopted before or after the contract was entered into.  Supreme Lodge K. of P. v. Trebbe, 179 Ill. 348, 53 N. E. 730; Supreme Commandery v. Answorth, 71 Ala. 436, 46 Am. Rep. 332; National Union v. Thomas, 10 App. Cases, 277.

MORGAN, C. J.   Action upon a benefit certificate of insurance issued by the defendant, a corporation organized under the laws of the state of Illinois, doing business in this state as a fraternal beneficial society.   The members of the society are permitted to avail themselves of the benefit of the insurance provided for by its by-laws upon the acceptance of an application for insurance, payment of a certain fee, and the issuing of a certificate by the society.   Payment of losses by the death of insured members is provided for by the collection of assessments from the members. The complaint alleges that one William Clemens received from the defendant a benefit certificate of insurance on the 9th day of May, 1899, and that the defendant thereby insured the life of said Clemens for a sum not to exceed $2,000; that said certificate provided that, in case of the death of said Clemens, said sum should become payable to his surviving children; that said Clemens died on the 3d day of November, 1900; that the defendant refuses to make an assessment from the members to pay said surviving children, although due proof of the death of said Clemens has been made as provided by the laws of said society.   The answer alleges that said Clemens came to his death by suicide, and that, under the contract of insurance entered into between the defendant and Clemens, death by suicide forfeited all insurance.   The trial court directed a verdict for the defendant.   The plaintiffs procured a settlement of a statement of the case, and have appealed from the judgment.

The plaintiffs contend that the judgment should be reversed upon three grounds:   (1) That the defendant is estopped from claiming that death by suicide is a forfeiture of the right to the insurance provided for by the benefit certificate; (2) that the evidence bearing upon the question of the suicide of Clemens should have been submitted to the jury; (3) that errors were committed in receiving and excluding evidence at the trial.

Upon the first question, the evidence shows that the certificate of insurance contained the following provision:   That "William Clemens is entitled to the privileges of this order and the beneficiary or beneficiaries  *  *  *  to participate in its benefit fund *  *  *  which will be paid to his children  *  *  *  subject to all conditions of this certificate and the laws of this order   and liable to forfeiture if said neighbor shall not comply with the said conditions, laws and such by-laws and rules as are now in force

or hereafter may be adopted by the supreme camp of the order," etc. The application for membership was made a part of the benefit certificate, by express language, and contained the following stipulation or admission: "I understand that the laws of this order now in force or hereafter enacted enter into and become a part of every contract of indemnity by and between the members and the order and govern all rights thereunder. I understand and agree that this order does not indemnify against death from suicide," etc. Section 102a of the by-laws of the order provided as follows: "If any member of this society holding a benefit certificate heretofore or hereafter issued shall come to his or her death by his or her hands, sane or insane, said benefit certificate of said member shall thereby become absolutely null and void." It is stipulated by the parties that this section of the by-laws was in force when the application was made, and when the certificate and all its terms and conditions were accepted in writing by Clemens, and ever since has been in force. The appellant concedes that, under the language of the application and section 102a, death by suicide would render the certificate null and void, and subject to forfeiture. But it is argued that the following clause of the certificate, stating that it will be void "if the member holding this certificate * * * shall die * * * by any means or act which if used or done by such member while in possession of all natural faculties unimpaired would be deemed self-destruction," is so ambiguous and obscure and contradictory, and inconsistent with the provisions of the application and by-laws, that no effect can be given to it, and that the defendant should be estopped from asserting any defense based thereon. It is true, as contended, that ambiguous stipulations in a contract of insurance will be construed in favor of the beneficiary, and most strongly against the insurer. The reason why such construction is given such contracts is that the contracts are prepared by the insurer. Cook v. Benefit League (Minn.) 79 N. W. 320; Joyce on Insurance, section 65. A court will not indulge in a liberal construction of the terms of an insurance contract to uphold a forfeiture, but will construe such contract so as to avoid a forfeiture, if the language thereof will sustain such a construction. Kerr on Insurance, p. 432; Warwick v. Supreme Council K. of D. (Ga.) 32 S. E. 951; Inghram v. National Union (Iowa) 72 N. W. 559; Wallace v. German-American Ins. Co. (C. C.) 41 Fed. 742.

The principle contended for is not, however, applicable to the conditions in the benefit certificate in this case. The language used conveys but one meaning. It is not susceptible of an ambiguous construction, nor can the language be construed to convey any meaning inconsistent with the by-laws referring to the same subject-matter. The idea conveyed is that if the assured shall die by his own act, or through means of his own selection, the certificate would be void, whatever his condition of mind at the time. It is equivalent to saying that if the assured should die by his own hand, whether sane or insane, the certificate would be void. The authorities are quite uniform that such a condition in a policy would defeat a recovery thereon if the insured commits suicide. Kerr on Insurance, p. 395, and cases cited.

It is true that the same language is not used in the certificate that is used in the application for insurance, and in the by-laws pertaining to the effect of a death by suicide, but that does not avoid the contract in favor of a member of such society as this, as, by the very terms of the certificate, changes in the by-laws are made binding upon the assured; he having, in writing, accepted the certificate and all the conditions thereof. In this case there was no change in the conditions. The changes consisted in the language expressing the same condition. The following cases sustain the right of the insurer to change the by-laws as the conditions under which the liability is incurred when the assured consents to such change. Kerr on Insurance, section 61, and cases cited; Loeffler v. Modern Woodmen, 100 Wis. 79, 75 N. W. 1012; Daughtry v. Knights of Pythias, 48 La. Ann. 1203, 20 South. 712, 55 Am. St. Rep. 310; Supreme Commandery Knights Golden Rule v. Ainsworth (Ala.) 46 Am. Rep. 332. The identical language used in this benefit certificate has been construed by other courts, and held to be the equivalent of saying that if the assured should die by his own hands, sane or insane, then the certificate would be void. Keefer v. Modern Woodmen of America (Pa.) 52 Atl. 164; Cotter v. Royal Neighbors (Minn.) 79 N. W. 542.

The facts bearing upon the question of suicide are: Clemens died on the 3d day of November, 1900. He was a married man, about forty years of age. His family consisted of a wife and five children. His family relations were pleasant, and his standing in the community in which he resided was the highest. His business was that of the local agent for the Great Northern Elevator Com-

pany at Leonard, N. D., and he had been such agent for about nine years. On the morning of November 3, 1900, Clemens was at the depot, and there met the general superintendent of the elevator company and one Conrie. They started for the elevator together. After arriving at the elevator and unlocking the door, Clemens was asked to go to the lumber yard by a customer. He excused himself, saying he would return as soon as possible. Later Clemens went to the post office, got his mail, and took it to his residence. While at the depot he met a Catholic priest, whom he invited to become his guest while at Leonard. The invitation was accepted, and the priest went to his house. When Clemens arrived at home he spoke to the priest, but what he said is not stated. He left the priest in the dining room, passed into the parlor, immediately returned to the dining room, and went upstairs. When he went upstairs he was calm, and his appearance the same as it ordinarily was. From twenty minutes to an hour thereafter he was found lying on the floor, dead, with a bullet hole in the right side of his head, back of the ear. A revolver was found lying near his feet. There was blood on the floor and on his head, and on a mirror in front of which he was found He was found lying on his back, with his feet near the wall, on which the mirror, with blood on it, was hung. There were no powder marks on his face or head. No one heard the report of the firing of the revolver, nor any noise from his falling. The room was eight by twelve feet in dimensions. There was no post mortem examination or inquest, and the wound was not probed to find the bullet. It is proven that the bullet wound in the head was the cause of his death. On a table in the room was found a note in Clemens' handwriting. The note was not produced at the trial, but a sufficient foundation was laid for the introduction by defendant of secondary proof of its contents. The note was as follows: "Bury me at Leonard. Kiss the children for me. Don't take this too hard. Will." An examination of the elevator company's books kept by him showed that he was short in his accounts in the sum of $4,500.

The plaintiffs insist that these undisputed facts should have been submitted to the jury, to determine whether Clemens' death was caused by his own voluntary act or by other means. The presumption is that a death caused by unexplained means was not suicidal. In the absence of proof, such death will be presumed to have been caused by accidental means. Stevens v. Continental Cas-

ualty Co., 12 N. D. 469, 97 N. W. 862, and cases cited. And the burden of proof is upon the insurer to show that death was caused in a manner or by means that exempt him from liability. Has the presumption of law that death was not caused by suicide been overcome by the defendant, as a matter of law? If so, the direction of a verdict was proper. If reasonable men, viewing these undisputed facts, might differ in their conclusions as to whether the deceased committed suicide, then the facts should have been submitted to the jury. If there is no evidence in the record that can be said to be inconsistent with the conclusion of death by suicide, then the question was properly one for the court to direct the jury to find a verdict for the defendant. We think the facts all point to death by suicide, and are inconsistent with any other reasonable theory. If it be said that it might have been an accidental death, or one criminal by another, the note conclusively rebuts such possibility. The circumstances of meeting his employer, his shortage, and the impending exposure that must follow, the note, the position of the wound, the blood on the revolver and on the mirror, and that he was alone in the room, are sufficient facts, as a matter of law, to overcome the presumption against a death by suicidal means. A verdict for the plaintiff under such circumstances could not be sustained, and would be without any evidence to support it. The following authorities sustain a direction of a verdict in cases similar to the one at bar: Inghram v. National Union, 103 Iowa, 395, 72 N. W. 559; Kornfield v. Supreme Lodge O. M. P., 72 Mo. App. 604; Supreme Lodge K. of H. v. Fletcher (Miss.) 29 South. 523; Mutual Life Ins. Co. v. Hayward (Tex. Civ. App.) 27 S. W. 36 (note); Agen v. Metropolitan Life Ins. Co., 105 Wis. 217, 80 N. W. 1020, 76 Am. St. Rep. 905; Kerr on Insurance, p. 777.

Objection is made that the contents of the note found on the table in the room should not have been received in evidence. The basis of the objection is that there is no proof as to the time when it was written. We think the claim untenable. The language of the note indicates that it was written just preceding the shooting. The finding of it in the room when the dead body was discovered also indicates that it was written, or at least placed on the table, just before the shooting. The note was relevant as bearing on the manner of death, the same as declarations of an intention to commit suicide are. Mutual Life Ins. Co. v. Hayward, supra;

Hale v. Life Indemnity & Investment Co., 65 Minn. 548, 68 N. W. 182; Mutual Life Ins. Co. v. Hillmon, 145 U. S. 285, 12 Sup. Ct. 909, 36 L. Ed. 706.

We have reached a conclusion in the case on undisputed testimony not objected to, except as to the note. Hence it becomes unnecessary to consider plaintiffs' other objections to the testimony that was received as bearing upon the question whether deceased committed suicide or not.

The judgment is affirmed. All concur.

ENGERUD, J., having been of counsel, took no part in the decision of the above case; HON. CHARLES J. FISK, judge of the First Judicial District, sitting in his stead by request.