## Houston B. Moore, Appellee, v. Standard Accident Insurance Company, Appellant.*

1. INSURANCE—*useless treatment by physician not required under accident policy.* Recovery may be had under an accident insurance policy for total permanent disability if the insured was under the care of a physician, even though useless treatment was not administered, although the policy required such treatment as precedent to insurance payments.

2. INSURANCE—*accident policy provision for physician's treatment applied only to temporary disability.* An accident policy provision that insured must have been under physician's treatment during the period for which he seeks recovery will be construed to apply only to a total temporary disability and not to a permanent disability of which further treatment is useless.

---

* Received from clerk of Appellate Court, August 8, 1927.

3. INSURANCE—*construction of accident policy provision for proof of loss.* Under evidence showing that one insured by an accident policy furnished proofs of loss following which the insurer made weekly payments for some time, the insured as a sufferer from total permanent disability will not be required to prove loss under the policy provision for proof of loss after the disability terminates, but such provision will be construed to apply only to a temporary disability.

Appeal by defendant from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

MERRITT U. HAYDEN and BURTON & BURTON, for appellant.

M. R. SULLIVAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant insured appellee in the sum of $1,000 and a weekly indemnity of $12.50 against loss resulting from bodily injuries effected directly, exclusively and independently of all other causes through external, violent and accidental means. The policy provides that if such injury should directly and immediately, totally and continuously, disable and prevent him from performing any and every kind of duty pertaining to his occupation, appellant would pay him $12.50 per week for the entire period during which he is so disabled and under the treatment of a legally qualified physician or surgeon by reason of such disability.

Appellee was a railroad section man. He was seriously injured on September 13, 1921, when the car upon which he was riding was accidentally derailed. Appellant recognized its liability and paid the weekly indemnity until April 24, 1922, when it ceased to make further payments. Six months later appellee sued to recover the sum of $325, the amount then due. Appellant filed the general issue but offered no evidence.

The trial resulted in a verdict and judgment in favor of appellee for the amount claimed.

Appellant admits that there is sufficient evidence to support a finding that appellee was totally and continuously disabled within the meaning of the policy during the time in question. It is insisted, however, that appellee was not entitled to recover because he failed to prove that during the entire period from April 24, 1922, to November 29, 1922, he was under the treatment of a legally qualified physician or surgeon by reason of such disability.

Dr. Scott treated appellee from the date of the injury until some time in the spring of 1922. Appellant notified appellee to appear at Dr. Scott's office on May 5, 1922, and submit himself to an examination to be conducted by Dr. Scott and Dr. Kiser. The doctors examined him at that time. Appellee was under the care and treatment of Dr. Haven from May, 1922, until the day of trial with the exception of 6 or 8 weeks when appellee was in Texas. Dr. Haven says he gave appellee no treatment, only advised him to not try to use the arm too much, and gave him a nerve sedative.

The only reasonable conclusion to be drawn from the evidence is that appellee is totally and permanently disabled and can never follow his occupation and that no medical treatment will improve his condition. In many cases the very purpose for which accident insurance is written would be defeated if there could be no recovery for an injury which did not require the regular attendance of and treatment by a physician. A recovery may be had if the insured was under the care of a physician even though no treatment was administered. *Rechtzigel v. National Casualty Co.*, 143 Minn. 302, 173 N. W. 670.

An accident policy providing that indemnity should not be paid for more than two years, nor longer than insured is under regular treatment of a legally quali-

fied physician or surgeon, does not require treatment, where it is undisputed that none of value could be given. *Hunter v. Federal Casualty Co. of Detroit, Mich.,* 199 App. Div. 223, 191 N. Y. Supp. 474. In the first part of the policy appellant insured appellee in the sum of $12.50 per week against loss resulting from bodily injuries. It seems to us that it would be a reasonable construction of the provision in question to hold that it only applies to a total temporary disability and not to one that is total and permanent and for which medical treatment would be of no value. In a case, somewhat similar, such a provision was so limited. *Cook v. Benefit League of Minnesota,* 76 Minn. 382, 79 N. W. 320.

It is argued that appellee was not entitled to recover because he failed to prove that he furnished proof of loss. The evidence shows that he submitted some proof of loss which must have been satisfactory because appellant paid the weekly indemnity for several months, and made no objection to the proof submitted. The only provision of the policy pertaining to proof of loss, so far as shown by the abstract is: "Affirmative proof of loss must be furnished to the company at its said office in case of claim for loss of time from disability within 90 days after the termination of the period for which the company is liable, and in case of claim for any other loss. within 90 days after the date of such loss."

Appellee's claim is for loss of time. He is totally and permanently disabled. The period for which appellant is liable will not terminate until appellee's death. The policy provides that no action shall be brought prior to the expiration of 60 days after the proof of loss has been submitted. If the provisions aforesaid are construed literally and are applicable to such a case as the one at bar proof of loss cannot be furnished until appellee's death and suit cannot be brought until 60 days thereafter. Such a construction

would defeat the very purpose of the insurance contract. Appellant agreed to pay weekly indemnity for loss of time occasioned by bodily injuries. A provision that "no benefits shall be due until disability ceases or the right to benefit has terminated" does not apply to a claim for permanent total disability. 1 C. J. 484; *Binder v. National Masonic Acc. Ass'n,* 127 Iowa 25, 102 N. W. 190. We cannot give our assent to a construction that would delay the payment of weekly indemnity until the death of appellee. Such a construction would be unreasonable in view of the fact that appellant agreed to pay weekly indemnity. The provisions are inconsistent and it is more in accord with right and justice to hold that the provision in regard to proof of loss, above quoted, was intended to apply, only, to a temporary loss of time, and not to a total and permanent loss. The judgment is affirmed.

*Affirmed.*