## Commercial Casualty Insurance Company of Newark, New Jersey, Appellant, v. David A. Campfield, Appellee.

1. INSURANCE—*amount of benefits recoverable under casualty policy.* A casualty policy providing for a monthly indemnity to continue for five years after total disability while injured was under a doctor's care and treatment, only allows judgment to be entered in suit thereon for the sum of the monthly payments due at the time suit is begun.

2. INSURANCE—*right to recover benefits accruing after action on casualty policy.* Monthly payments falling due after the commencement of suit to collect for injuries under a casualty policy for five years' monthly payments while under doctor's care for total disability may be collected in a subsequent suit.

3. INSURANCE—*admission of disability as dispensing with proof of medical treatment.* An insurance company's concession in a suit on a casualty policy allowing five years' monthly payments for a total disability while under doctor's care, that the plaintiff was totally disabled makes unnecessary proof that plaintiff was under treatment by a doctor during the period sued for, as treatment in such case would be useless.

Commercial Casualty Ins. Co. v. Campfield, 243 Ill. App. 453.

Appeal by plaintiff from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1926. Reversed and judgment entered here. Opinion filed February 19, 1927.

T. P. MOORE, for appellant.

W. J. MACDONALD, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant issued an accident policy in which it agreed that if appellee should sustain bodily injury through external, violent and accidental means, which would wholly and continuously disable and prevent him from performing any and every duty pertaining to any business or occupation, it would pay him $45 per month from the date of the accident for a period not exceeding five consecutive years, nor in excess of the time appellee was under the regular treatment of a legally qualified physician or surgeon.

Appellee was in the employ of the National Enameling & Stamping Company at Granite City, Illinois, and on February 25, 1924, had an accident which resulted in a complete fracture of the skull and other injuries. This suit was brought to recover the weekly indemnity for total disability. A jury was waived and the trial resulted in a verdict and judgment in favor of appellee for $3,500. The evidence shows that appellant paid appellee $45 for the month ending March 25, 1924. This suit was begun on December 2, 1925, so that, in any view of the case, there was no more than 20 months' indemnity due at the time the suit was filed. Appellant filed a motion for a new trial, one of the grounds of which was that the amount found to be due by the court was excessive. The motion was overruled and judgment entered for $3,500. Appellee admits in this court that the judgment is excessive and

argues that it should have been entered for $2,700 instead of $3,500.

The parties contracted for the payment of a monthly indemnity and we are of the opinion that, in any event, appellee was not entitled to recover any more than the amount due at the time this suit was begun. The most that could have accrued between the date of the accident and filing of the suit was 21 months, or $945, and $45 of that amount had been paid. Benefits accruing after the commencement of a suit are not recoverable in an action of indemnity for benefits. *Baltimore & Ohio Employes Relief Ass'n v. Post,* 2 L. R. A. 44.

Appellee contracted for a monthly indemnity in case of total disability and in any event the payments were not to continue longer than five years. At the time this suit was begun some of the payments would not be due for more than three years. It is more than likely that if appellee died before the expiration of the five-year period, payments would cease. The contract was not for the payment of $2,700, presently, but in monthly payments covering not to exceed a period of five years. The court could not enter a judgment for $2,700 under such circumstances. It would be making a new contract for the parties. Another suit may be brought for monthly payments falling due since the commencement of this suit. *Marshall v. John Grosse Clothing Co.,* 184 Ill. 421.

Appellant does not contend that appellee was not totally disabled, within the meaning of the policy, from the time of the accident until the commencement of this suit. It is argued, however, that under the terms of the policy appellee was not absolutely entitled to a monthly indemnity of $45 for a period of five years, but that the monthly payments were not to exceed the time appellee was under the regular treatment of a legally qualified physician or surgeon; that the evidence shows that appellee was not under such treatment for more than three months of the time in ques-

tion, and appellant having paid for one of those months, the recovery should be limited to two months.

As appellant concedes that appellee was totally disabled during all of the time in question, we are at a loss to understand why it should be necessary to do such a useless thing as to remain under the treatment of a doctor. No claim is made that his condition could, or might, have been improved by such treatment.

In many cases the very purpose for which accident insurance is written would be defeated if there could be no recovery for an injury which did not require the regular attendance and treatment by a physician. A recovery may be had if the insured was under the care of a physician, even though no treatment was administered. *Rechtzigel v. National Casualty Co.*, 143 Minn. 302, 173 N. W. 670. An accident policy providing that indemnity should not be paid for more than two years, nor longer than insured is under the regular treatment of a legally qualified physician or surgeon, does not require treatment, where it is undisputed that none of value could be given. *Hunter v. Federal Casualty Co. of Detroit, Mich.*, 199 App. Div. 223, 191 N. Y. Supp. 474. See also *Cook v. Benefit League of Minnesota*, 76 Minn. 382, 79 N. W. 320.

The policy sued on also insured appellee against disability resulting from illness and against partial disability. In view of the various provisions of the policy, we are of the opinion that the provision relied upon by appellant as a defense to this suit, except for two months' indemnity, cannot be held applicable to a claim for total disability, where the fact that appellee was totally disabled is conceded by appellant. But in any event, in the state of the proof, we would not be warranted in holding that there was no evidence tending to prove that appellee was under the regular treatment of a doctor during all of the time in question.

The judgment for $3,500 is reversed and the clerk of this court will enter a judgment here in favor of appellee and against appellant for the sum of $900. Each party will pay one-half of the costs in this court and appellant will pay the costs in the trial court. *Judgment reversed and judgment entered here.*