INTERNATIONAL SOCIETY vs. M. A. HILDRETH.

### Sale—Acceptance of Goods—Action for Price.

One who contracts to purchase personal property of a particular kind and description is under no legal obligation to receive other or different property in satisfaction of his bargain, and, if the property tendered is not the property bargained for, he may reject it. When property which does not comply with the description in the contract of purchase is accepted and retained, the purchaser by such acceptance affirms the contract, and his sole remedy, in cases where a remedy survives the acceptance, is for breach of the contract.

### Damages for Breach.

In an action to recover a balance due upon the purchase price of a set of books sold under a written subscription contract, which particularly described the books agreed to be purchased, and in which the defendant, who had accepted and retained the books, sought to recoup damages for defects, the court instructed the jury that, if the books substantially complied with the contract, they should return a verdict for the plaintiff for the full amount of the purchase price. *Held* error, for the reason that only by a complete performance by the plaintiff could he avoid liability for a breach unless there was a waiver. *Held*, further, that the erroneous instruction was without prejudice, for the reason that the jury in fact found that there was not a substantial compliance, and awarded damages to defendant for the defect alleged.

### Verdict Sustained.

It is *held* that the trial court did not err in refusing to direct a verdict for defendant, or in ruling on evidence, or in denying defendant's motion for new trial on the alleged insufficiency of the evidence to justify the verdict.

Appeal from District Court, Cass County; *Pollock, J.*

Action by the International Society against M. A. Hildreth. Judgment for plaintiff, and defendant appeals. Affirmed.

*M. A. Hildreth,* in pro. per.

*W. C. Resser (John E. Greene,* of counsel), for respondent.

YOUNG, J. The plaintiff brought this action to recover a balance claimed to be due from the defendant upon the purchase price of "one complete set of the Century Edition of a Library of the World's Best Literature." The set of books in question consisted of 45 volumes, and was sold and delivered to the defendant pursuant to a written subscription contract executed by him on August 27, 1897. The delivery of the books by plaintiff was completed on July 12, 1898. A copy of the subscription contract is attached to, and made a part of the plaintiff's complaint. The defendant pleaded a breach of the conditions contained in the subscription contract, alleged damages resulting therefrom, and prayed for an affirmative judgment. The question of the alleged breach of contract and amount of dam-

ages was submitted to the jury, and a verdict was returned for the plaintiff for $61.50, which was $33.50 less than was due upon the purchase price under the terms of the contract. Defendant moved for a new trial. This was denied, and judgment was entered on the verdict. Defendant has appealed from the judgment, and assigns the ruling of the trial court on his motion for a new trial as error. The motion for a new trial was based upon (1) the insufficiency of the evidence to justify the verdict; (2) the refusal of the trial court to direct a verdict for defendant; (3) error in the court's charge to the jury; (4) alleged errors in admitting and excluding evidence.

It is an undisputed fact that the books in question, as delivered to the defendant, did not fully comply with the description set out in the subscription contract, in this: that there were but 495 vignette portraits, whereas the contract stated there would be 700. The defendant based his motion to direct a verdict in his favor, and his claim that the evidence was insufficient to justify the verdict upon the plaintiff's failure to fully comply with the contract. The defendant's contention is that, inasmuch as the books delivered did not fully comply with the description contained in the subscription contract, plaintiff had entirely failed to establish a cause of action. This contention is without merit. It is true, the defendant was under no legal obligation to accept books which did not fulfill the conditions of the contract. He could have refused to receive them, and could then have maintained an action for breach of contract, but he did not pursue that course. On the contrary, he elected to retain the books, and still retains them. By so doing he affirmed the contract. After such acceptance his sole remedy (conceding, merely for the purpose of this opinion, that any remedy survived his acceptance) was to recover damages for the breach of the contract. 2 Mechem, Sales, § § 1154, 1209, 1220, 1391-1393, and cases cited; Benj. Sales, § § 895, 896.

The instruction of which defendant complains is as follows: "If you believe from the evidence that the plaintiff furnished these books in substantial compliance with the terms and conditions of the warranty, Exhibit I [the subscription contract], then it is your duty to find a verdict for the plaintiff for the full amount demanded in its complaint." In our opinion, the foregoing instruction was erroneous. We agree with the defendant that he was entitled to a full, and not merely a substantial compliance with the contract. He was under no legal obligation to receive other books, or books differing in any way from those he had agreed to purchase. Undoubtedly plaintiff's failure to deliver a set of books conforming to the description contained in the subscription contract constituted a breach of the contract, but it is very clear that the error in the instruction was, in this case, without prejudice. The jury found that the contract was not substantially complied with, and awarded damages to the defendant for such noncompliance. Had no damages been allowed, a different case would be presented. In that event prejudice

could properly be claimed to have followed the erroneous instruction, for in that event it might be concluded that the jury found that the contract had been substantially complied with, but had not been fully complied with, and under the erroneous instruction the defendant might have been denied damages for the breach. But no inference of prejudice is possible on the facts in this case. The jury found that the books neither substantially nor literally complied with the description contained in the contract of purchase, and awarded damages for the breach.

The subscription contract contained the following provision: "This edition is strictly limited to one thousand copies. It will be numbered, registered, and sold to subscribers for complete sets only." The defendant was a witness in his own behalf. After stating that he had visited book stores in San Francisco and Portland in 1899, he was asked this question: "Will you state what is the fact as to seeing for sale, or there being for sale, in any of those book stores, sets of this work?" An objection interposed by counsel for plaintiff to the foregoing question was sustained. In the further course of the defendant's examination he answered, in response to his counsel, that "they [referring to the publication in question] are on the market." The answer was stricken out. These rulings are assigned as error. We are of opinion that this evidence was properly excluded. The fact that the defendant may have seen "sets of this work" in book stores, and that they were on the market, did not show that this particular edition was on the market, or that the plaintiff had placed them on the market, or had sold the same otherwise than in complete sets and to subscribers. Further, the evidence sought to be elicited did not show whether the books which defendant saw had been placed upon the market by subscribers who had purchased them or by the plaintiff, and no offer was made to supply such proof.

Three letters were introduced in evidence over defendant's objection. One was written by defendant to plaintiff on December 13, 1899, and inclosed a remittance on account. The other two were from plaintiff to defendant, bearing date December 6 and December 16, 1899, and were in response to communications received from the latter, and related to the books in question, and the balance due from defendant. Defendant contends that their admission constituted prejudicial error. We do not agree with this contention. The letters tended to show an unqualified acceptance of the books by the defendant, and that up to that date no complaint had been made that they did not fully comply with the conditions of the contract. They were clearly competent for the purpose of showing a waiver of the defects in the books delivered. Under all authorities, the fact of acceptance of goods purchased is evidence of a waiver of defects. Some courts hold that acceptance, with full opportunity to examine the goods, constitutes a complete waiver as to all patent defects. Others hold that under some circumstances a remedy for the breach survives acceptance, even as to patent defects. See 2 Mechem, Sales,

§ § 1391-1393, and cases cited; also *Halley* v. *Folsom*, 1 N. D. 325, 48 N. W. Rep. 219; *Cordage Co.* v. *Rice,* 5 N. D. 432, 67 N. W. Rep. 298, 57 Am. St. Rep. 563. Under either line of authorities the evidence was admissible. The only difference is as to the effect of acceptance. Courts following the first rule hold, as matter of law, that the acceptance conclusively establishes a waiver. Those accepting the latter rule consider the circumstances of acceptance as evidence to be weighed by the jury on the question of waiver.

The other errors assigned as grounds for the motion for new trial are disposed of by our conclusions on those above referred to.

Finding no prejudicial error, the judgment will be affirmed, and it is so ordered. All concur.