## NELS ARTHUR CARLSON v. CHICAGO GREAT WESTERN RAILROAD COMPANY and Another.[1]

May 19, 1911.

Nos. 17,090—(134).

**Verdict sustained by evidence.**

In this, a personal injury action, the evidence considered, and *held* sufficient to sustain the verdict.

**Deposition in evidence — stipulation.**

The parties having stipulated that a certain deposition might be read in evidence upon the trial, it was not necessary, to make such deposition competent, to prove that at the time of the taking of the deposition statutory grounds existed therefor.

Action in the district court for Goodhue county against defendant railroad company and John Dome to recover $35,000 for personal injuries. The complaint alleged defendants were negligent in leaving a truck loaded with freight within about twelve inches of the track on which defendant's train was moving. The answer alleged contributory negligence on plaintiff's part. The reply was a general denial. The case was tried before Johnson, J., and a jury which returned a verdict in favor of plaintiff for $7,400. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Briggs, Thygeson, Loomis & Everall,* for appellants.
*Mohn & Mohn,* for respondent.

[1] Reported in 131 N. W. 375.

SIMPSON, J.

This action was brought to recover damages for personal injuries sustained by plaintiff while in the defendant railway company's employ as a brakeman. On the evening of April 27, 1910, the defendant Dome, a freight handler at the station, and trainmen, other than plaintiff, had unloaded some freight from a car onto a truck at Randolph. The loaded truck was left standing between two parallel Y tracks west of the depot. The truck was about three feet wide. The tracks were fifteen feet four inches apart between the inner rails. Leaving the truck in this place was unusual. No artificial lights were near. Some hours later a freight train, on which plaintiff was one of the two brakemen, arrived at Randolph and remained there some hours, loading and unloading way freight and switching cars. A little after two o'clock in the morning of the twenty-eighth, the plaintiff swung onto that side of a box car that was being pushed down the easterly Y track, in order to ride the car and give necessary signals in making a coupling to the balance of plaintiff's freight train. While in the act of climbing up the side of the car, he collided with the truck standing between the two Y tracks, was thrown to the ground, and received the injuries complained of. Upon the trial the plaintiff had a verdict against both defendants for $7,400. Defendants appealed from the order denying their motion for a new trial.

Some of the facts included in this statement were disputed on the trial, but the above statement is in accord with the verdict of the jury, and, as to the disputed facts included therein, the evidence concededly sustains the verdict. In this court two principal points are urged by the defendants as entitling them to a new trial.

1. It is claimed by the defendants that the evidence establishes that the plaintiff, during the night prior to his injury, worked on and about the truck with which he later collided, unloading freight therefrom; that it is thus made to appear that plaintiff knew the truck was between the tracks, and was responsible at least in part, for its being in the position that resulted in his injury. The plaintiff testified that he did not unload any freight from the truck in question, and did not know that it was between the tracks. His

testimony was corroborated to some extent by his fellow brakemen, and indirectly by other testimony in the case. The plaintiff's testimony on other material matters was contradicted by documentary evidence, as well as by the testimony of witnesses. A consideration of this testimony, however, does not necessarily lead to the conclusion that the plaintiff wilfully testified falsely upon such matters, nor that all his testimony was so discredited thereby that the jury were not warranted in believing his statement that he had no knowledge of the location of the truck. The evidence relied upon by defendants as showing that plaintiff did in fact help unload this truck before the accident, while it would have been ample to sustain a finding in accordance with their claim, is not so conclusive or so clearly preponderating as to take the question from the province of the jury. The defendant Dome testified that he left the truck in the clear between the tracks. Whether he did so, in view of testimony of conflicting statements made by him soon after the accident, and in view of the testimony as to the way plaintiff collided with the truck, was a question for the jury.

It is further claimed that passion and prejudice on the part of the jury appear from the excessive damages awarded. Judging from the record, the award of damages seems to cover the extreme limit of injury disclosed by the testimony introduced and relied on by plaintiff; but we cannot say that it exceeds this limit.

There was evidence to sustain the conclusion that as a result of the injury plaintiff became totally deaf in one ear and suffered an impairment of hearing in the other ear; that at the time of the trial, several months after the injury, there was a stiffening and swollen condition of the knee, resulting in a considerable impairment in the use of his leg; that, as a result of a blow or injury in the back, there was tenderness in the back and an injury to the nerves running down the left arm; and that his condition had become worse during a period of two months before the trial. The evidence introduced by the defendants tended to show that the plaintiff was not injured to any substantial extent.

This court cannot determine from the record that the jury were not warranted in relying on the testimony introduced by and most

favorable to plaintiff's claim, instead of that introduced by the defendants. The case, as presented by the record, is one in which different men might reasonably draw different conclusions from the evidence.

3. Upon the question of the extent of the resulting injuries, as well as upon the question of plaintiff's knowledge or lack of knowledge of the location of the truck, counsel for defendants urge that the verdict, while sustained by some testimony, found support only in extreme and discredited testimony, and that it was contrary to the conclusion which would unavoidably be reached from an intelligent view of the whole case, as presented on the trial, and that therefore the trial court should have, in its discretion, set aside the verdict and ordered a new trial. If counsel's view of the force of the evidence is just, then undoubtedly his claim has merit.

A motion for a new trial "is addressed largely to the sound discretion of the trial court, and is to be determined with reference to promoting the interests of substantial justice, as disclosed upon a view of the whole case." Johnson v. Howard, 25 Minn. 558. The question presented to the trial court on such a motion is not whether the evidence is sufficient to sustain the verdict in the appellate court. Largely because of the difference in the respective opportunities of the two tribunals to determine the justness of a verdict, the established rules governing the determination by each of the sufficiency of the evidence to sustain a verdict differ widely. This difference is well illustrated by the questions here raised as to the extent of the injury received by plaintiff and the credibility of plaintiff's testimony. It is apparent that conflicting opinion evidence by qualified experts as to the extent of an injury, when incorporated in a record, furnishes a very uncertain basis for an intelligent belief that one or the other line of testimony represents more fairly the true condition. On the other hand, such testimony, when considered in connection with the conduct and appearance of the injured person, the manner of the witnesses, and the incidents of the trial, may clearly show the true condition. The same considerations apply in determining the credibility of the testimony of a party. Inferences may be

safely drawn from the testimony, in connection with the manner in which it is given, that are not warranted by a reading of the record.

The jury and trial judge alike have the opportunity for observing the course and incidents of the trial, and the trial judge may safely, within the limits of a sound discretion, set aside the verdict of a jury, if to him it seems contrary to the evidence or opposed to substantial justice, as disclosed by the proceedings in the case. And we cannot assume in this case, as counsel seems to contend we should, that the trial judge did not exercise his judicial discretion in determining whether the verdict rendered should stand. On the contrary, we do assume that from a view of the whole case, aided by his observation of witnesses and the course of the trial, he determined that the verdict accorded with the evidence and substantial justice. The evidence in this case, as disclosed by the record, furnishes this court with no sufficient basis for a contrary determination.

We feel this discussion of elementary matters is warranted by the practice—not more marked in this case than in many others—of counsel urging this court to determine, in relation to questions concededly within the province of the jury, which of two facts should be deemed established by conflicting evidence, or which of two inferences should be drawn from proven facts, where the finding of the jury and the action of the trial judge, together with the nature of the evidence and facts, seem to very clearly demonstrate that different persons may reasonably draw different conclusions from the evidence.

4. Under the stipulation of the parties that a certain deposition of a witness, John A. Fulton, "may be used by said plaintiff on the trial of said action, and that the evidence and testimony of said witness John A. Fulton, contained in said deposition, may be read in evidence and used by said plaintiff on said trial with the same effect as if said witness was personally present and was duly sworn and testified to said matter contained in said deposition at said trial," such deposition was properly received in evidence, without proof being made that at the time of taking the deposition statutory grounds existed for the taking thereof; it being shown that at the time of the trial the witness was out of the state.

The order denying a new trial is affirmed.