# LOUIS ROSENBLATT v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

June 30, 1911.

Nos. 17,091—(106).

**Evidence inherently improbable — duty of appellate court.**

Whether the case made by the evidence of a party is one of fabrication, or his version thereof so·inherently improbable as to be unworthy of belief, is primarily for the jury and trial court to determine. Only in exceptional cases will an appellate court so declare, and then only when the question is entirely free from doubt.

**Verdict sustained by evidence.**

Evidence *held* to support the verdict, and that no reversible errors were committed on the trial.

Action in the district court for Freeborn county to recover $2,000 for personal injuries. The case was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $1,200. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Morgan & Meighen* and *Charles E. Vroman,* for appellant.

*French & Sasse* and *Dunn & Carlson,* for respondent.

BROWN, J.

Plaintiff in this case predicated his right of action upon the following alleged facts, namely: That he was a passenger upon one of defendant's freight trains, running between Delavan and Albert Lea and points beyond; that at some point on the line, between stations, after plaintiff had become such passenger, the precise point we deem immaterial, the air brake connection between two of the cars gave way, either by bursting or other cause, bringing the train to a sudden and violent stop, and throwing plaintiff, who was in the caboose, violently against the stove therein, and to the floor, dislo-

[1] Reported in 131 N. W. 1060.

cating his left hip joint. The complaint charges negligence in the management and operation of the train, and in the use of unsafe and defective air brakes and appliances. The answer was a general denial, and that, if plaintiff received any injury upon the train it was brought about through his own contributory negligence. Plaintiff had a verdict for $1,200, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The questions submitted to the jury were: (1) Whether plaintiff was a passenger upon the train, and was injured in the manner and because of the negligence alleged; (2) whether the sudden and violent stopping of the train was one of the ordinary risks of the freight train service which plaintiff assumed; and (3) the extent of plaintiff's injury and resulting damage. A careful consideration of the record leads to the conclusion that the evidence made these, as well as all incidental questions, issues for the jury, and their verdict, having received the approval of the trial court cannot be disturbed.

A discussion of the evidence would serve no useful purpose. Plaintiff testified that he was a passenger upon the train, and received his injuries, while such, and by the sudden and violent stopping of the train, and in this he was corroborated. The members of the train crew did not remember the presence of plaintiff, as a passenger or otherwise; but the engineer and fireman testified to the sudden stopping of the train, caused by an application of the air brakes from some cause other than the management of the engine. It also appears that, after the train had so come to a stop, a member of the crew took from the caboose an air hose connection, presumably to replace the one that became out of order.

1. Whether a case of this character is one of fabrication, or the plaintiff's version thereof so inherently improbable as to be unworthy of belief, is primarily for the jury and trial court to determine. It is only in exceptional cases that this court will so hold, and then only when the question is entirely free from doubt. The trial court heard the evidence presented by plaintiff on two trials, and its determination that a case was made for the jury cannot be interfered with. Whether the situation here presented was one ordinarily to

be anticipated in the freight train service of defendant was clearly one of fact, and the court properly submitted it to the jury.

2. Defendant complains of certain instructions of the court upon the question of its duty respecting the inspection of its trains and appliances and attachments used in the operation thereof. We discover no error in this. The question of inspection came within the negligence charged in the complaint, and the court properly referred thereto in its charge. This covers all questions requiring special mention. We find no reversible error in the record.

Order affirmed.