## LEO J. CRAMER v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

July 14, 1916.

Nos. 19,825—(181).

**New trial — verdict not contrary to evidence.**

1. In an action for personal injuries suffered by plaintiff, a switchman in the employ of defendant in interstate commerce, the evidence is considered and held not so clearly and palpably against the verdict as to justify the reversal of an order denying a new trial.

**Damages not excessive.**

2. The damages are not excessive.

**Federal Safety Appliance Act — liability of master.**

3. The duty of an interstate railroad company to supply and equip its cars with safe and secure handholds, as required by the Federal Safety Appliance Act, is absolute, and a failure to comply with the

[1] Reported in 158 N. W. 796.

act renders the company liable to an employee who suffers injury in consequence of the failure.

**No error.**

    4. The record presents no reversible error.

Action in the district court for Ramsey county to recover $50,000 for personal injury received while in the employ of defendant as switchman. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict for $10,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

    *F. W. Root* and *Nelson J. Wilcox,* for appellant.

    *Samuel A. Anderson* and *A. F. Storey,* for respondent.

BROWN, C. J.

Action to recover for personal injuries, in which plaintiff had a verdict, and defendant appealed from an order denying its motion for judgment or a new trial.

The action is founded on the Federal Employer's Liability Act, and the negligence relied upon, the alleged failure of respondent to comply with the Federal Safety Appliance Act. The facts are as follows:

On March 26, 1914, plaintiff was in the employ of defendant as a switchman in its yards at Milwaukee, Wisconsin. The duties performed by him brought him within the protection of the Federal statute as an interstate employee. At the time of his injury, at 9:30 in the evening, he was engaged with other members of his crew in "breaking up" and switching about the yard a train of cars then recently brought in from Chicago. While descending from a box car which he was riding to destination, he was thrown to the ground by reason of the absence of the lower rung of the car ladder, which he was using in climbing down from the top of the car. He struck on one of the rails of the tracks, and claims to have received serious injury to the end of his spine and to his back. He was a young man 27 years of age, and weighed at the time about 220 pounds. He described the accident in the following language:

"Well I was coming down, climbing down the ladder, hand over hand, and when I got to the bottom * * * there was no rung there, nothing there to catch me, and I let go with my left hand and my left foot swung

around the corner of the car, and I hung on as long as I could   *   *   *
and I fell on the rail on my back in kind of sitting position."

The jury found the facts in harmony with plaintiff's claims, and awarded him the sum of $10,000 and the trial court approved the verdict by denying a new trial.

The principal question on this appeal is whether the verdict is manifestly unsupported by the evidence. Other points are made by appellant, and they will be considered in their order.

1. Our consideration of the record leads to the conclusion that the evidence is sufficient to sustain the verdict. It is clear that plaintiff fell from the car in the manner stated by him, and because of the absence of a rung in the car ladder. He was soon thereafter assisted to a switch shanty by a fellow switchman, and later was removed to a hospital and placed in charge of defendant's physician. The character and extent of the injuries received by him are not so clear, but it cannot be held as a matter of law that he was not injured at all. It is clear therefore that the motion for judgment notwithstanding the verdict was properly denied. And, as we read the evidence, the new trial asked for was also properly denied, at least the case is not brought within the rule guiding us in such cases, that is, the evidence is not manifestly and palpably against the verdict. That plaintiff received some sort of an injury to his back and spine seems clear enough. The physician called by plaintiff on the trial, and who had made thorough examination of plaintiff to discover wherein he was injured, characterized the result of plaintiff's fall from the car as an injury to the spinal column and the nerves thereof; that plaintiff suffered a hemorrhage into the canal of the spine, into the lower part of the canal, affecting the nerve roots and making up what he termed *cauda equina*. Other complications arose from this condition affecting the limbs, bowels and other parts and organs of the body. In the opinion of the witness the injury was permanent. Defendant called several physicians of standing in the profession, and they put in issue squarely much of the testimony and conclusions of plaintiff's physician, and expressed the view that plaintiff was not injured either in the manner or to the extent claimed. In fact, from the testimony we conclude that in their opinion plaintiff's claims of injury are wholly without merit. The case in this respect presents the usual controversy between medical ex-

pert testimony. The trial court has signified its approval of the verdict, thus in a measure giving credit to the testimony of plaintiff's expert. In this situation we do not see our way clear to interfere. The question is not by the evidence entirely free from doubt (Rosenblatt v. Chicago, M. & St. P. Ry. Co. 115 Minn. 108, 131 N. W. 1060; Carlson v. Chicago G. W. R. Co. 114 Minn. 382, 131 N. W. 375; 2 Dunnell, Minn. Dig. § 7157), though it does not fall within the rule applied in Messenger v. St. Paul City Ry. Co. 77 Minn. 34, 79 N. W. 583, and other like cases. Nor can we find reasonable justification for holding the verdict excessive. If the testimony of plaintiff's expert was worthy of credence, a question for the trial court and jury, the amount awarded clearly is not beyond the limits of fair compensation.

2. The other assignments do not require extended mention. The contention that the court erred in its instruction to the jury upon the question of defendant's negligence is not sound. The basis of the action is the failure of defendant to equip and maintain a proper ladder upon the particular car. The duty to do so is made absolute by the Safety Appliance Act. Coleman v. Illinois Central R. Co. 132 Minn. 22, 155 N. W. 763; McNaney v. Chicago, R. I. & P. Ry. Co. 132 Minn. 391, 157 N. W. 650. The case of Seaboard Air Line Ry. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. ed. 1062, L.R.A. 1915C, 1, Ann. Cas. 1915B, 475, did not involve a failure to comply with. the Appliance Act, and is not here in point. The trial court in that case instructed the jury in effect that the duty to furnish a safe place to work was absolute, and for which recovery might be had under the Employer's Liability Act. The court held the instruction erroneous, and properly so, for the safe place rule requires an exercise of reasonable care only, and is not an absolute obligation. The duty to equip freight cars with proper and secure hand-holds is absolute under the Safety Appliance Act.

3. We discover no substantial merit in the claim of misconduct on the part of plaintiff's counsel, and the question whether the five-sixth jury law applies to actions founded on the Federal statutes was disposed of in Winters v. Minneapolis & St. L. R. Co. 126 Minn. 260, 148 N. W. 106, and Bombolis v. Minneapolis & St. L. R. Co. 128 Minn. 112, 150 N. W. 385. The decision in the latter was affirmed by the Supreme Court of the

United States. Minneapolis & St. L. R. Co. v. Bombolis, 241 U. S. 211, 36 Sup. Ct. 595, 60 L. ed. 961.

The other assignments are without merit. We have considered them all and find no sufficient reason for granting a new trial.

Order affirmed.