MORRIS MIKKELSON, Respondent, v. CHARLES SNIDER, Appellant.

(175 N. W. 220.)

**Appeal and error — assignments of error occurring before trial.**

1. Certain assignments of error based upon matters occurring before the trial examined, and *held* to be without merit for reasons stated in the opinion.

**Appeal and error — admission of evidence.**

2. Certain assignments of error based upon rulings in the admission and exclusion of evidence, and the sufficiency of the evidence to sustain the verdict, examined, and *held* to be without merit for reasons stated in the opinion.

**Appeal and error — damages — punitive damages — harmless error.**

3. Where the jury refuses to allow punitive damages the defendant is not prejudiced by instructions given on that question,—the error, if any, in such instructions becomes harmless.

**Jurors — new trial — verdict not impeached or discredited by testimony of jurors.**

4. A verdict cannot be impeached or discredited by the testimony of the jurors who returned it.

**Appeal and error — new trial based on newly discovered evidence at former trial denied.**

5. It is *held* that the court committed no error in denying a motion for a new trial based on the ground of newly discovered evidence.

Opinion filed November 1, 1919.

Appeal from the District Court of La Moure County, *Coffey, J.*

Defendant appeals from the judgment and from an order denying a new trial.

Affirmed.

*Hutchinson & Lynch,* for appellant.

Our court has held that every litigant should have an opportunity to be heard on the merits. Froelich v. Northern P. R. Co. 167 N. W. 368; 38 Cyc. 1316, 1321; Zink v. Lathart, 16 N. D. 56.

Appellant was entitled to an order vacating the default judgment as a matter of right. Cedar Rapids Nat. Bank v. Coffey, 25 N. D. 458.

The court erred in denying a new trial because of newly discovered evidence material to the defendant which he could not with reasonable diligence have discovered and produced before the trial. Fisk v. Fehrs, 32 N. D. 119.

The mere alleging of punitive damages in the complaint would not authorize the court in elaborating and accentuating them in his instructions, and there is certainly nothing in the evidence that warrants them. Selland v. Nelson, 22 N. D. 14; Stockwell v. Brinton, 26 N. D. 14; Harmoning v. Howland, 25 N. D. 38; Shoemaker v. Sonju, 15 N. D. 519.

*Doane & Porter,* for respondent.

Counsel have not shown that the prejudicial remarks were actually heard and understood by any of the jurors who were sworn to try the issues of this case. Such statements were therefore neither prejudicial nor even improper. Vollmer v. Stregge, 27 N. D. 579, 147 N. W. 797.

"And the failure to object to a selected jury waives all questions improperly excluded from *voir dire* and all matters of irregularity occurring during the impaneling of such jury." State v. Goetz, 131 N. W. 515.

"The record in this case speaks for itself, and by that record the parties and this court must be controlled." State v. Clark, 21 N. D. 517, 131 N. W. 720.

Motions for new trial are clearly within the discretion of the trial court, and the law is so well settled in this respect that we need cite little law. Huber v. Zeiszler, 37 N. D. 556; Skaar v. Eppeland, 35 N. D. 116.

In order to grant a new trial upon the ground of newly discovered evidence, it must be found that the evidence newly discovered is apt to lead to a different result upon a retrial. Fisk v. Fehrs, 32 N. D. 119; Keystone Grain Co. v. Johnson, 38 N. D. 563.

CHRISTIANSON, Ch. J. Plaintiff brought this action to recover of the defendant the value of thirty-four turkeys which he alleges that the defendant unlawfully seized and converted to his own use on or about July 1, 1918. The defendant interposed a general denial to plaintiff's complaint. Upon the issues thus framed the case was tried

43 N. D.—27.

to a jury, which returned a verdict in favor of the plaintiff for the sum of $62.50. The defendant moved for a new trial. The motion was denied, and he has appealed from the judgment and from the order denying a new trial.

Some of the assignments of error are predicated upon matters connected with the default judgment and the motion to vacate it. It is contended that the evidence which formed the basis for the default judgment was mostly hearsay, that it was insufficient to support the judgment, and that the damages allowed in the default judgment were excessive.

Manifestly we are not concerned with the default judgment. That was set aside upon defendant's application. It is entirely immaterial whether there was any evidence to support it or not. The judgment before us on this appeal is based upon the verdict of a jury; that verdict was returned upon a trial where defendant and his counsel were present and were afforded full opportunity to be heard.

It is further contended that at the time application to vacate the default judgment was made, the trial court made some remarks with respect to the testimony that had been adduced at the time the default judgment was ordered. It is claimed that the trial court at that time, in the presence of some of the jurors, stated that the matter was one which the state's attorney ought to investigate, and that there was enough evidence (taken at the time the default judgment was ordered) to send the defendant to the penitentiary.

It is a sufficient answer to this contention to say that it appears that whatever remarks the trial court made were made directly to defendant's counsel. Such counsel afterwards examined the jurors. He did not even find it necessary to exhaust his peremptory challenges; and so far as the record shows no objection was made to either the trial judge or the members of the jury. Apparently both the trial court and jury were satisfactory at that time, and it was only after an adverse decision had been rendered that they became unsatisfactory.

Error is also assigned upon rulings made in the admission and exclusion of evidence. The assignments have all been examined and considered, and found to be without merit.

It is also asserted that the verdict is not supported by a prepon-

derance of the evidence. The argument on this feature of the case deals with the credibility of the witnesses and the probability of their stories. It is elementary that these are questions for the jury. There was a square conflict in the evidence in this case, and the jury believed the testimony of the plaintiff and his witnesses and disbelieved the testimony of the defendant.

Other assignments of error are based upon the court's instructions to the jury upon the subject of punitive damages. The assignments are wholly without merit, as the jury allowed compensatory damages only and refused to allow punitive damages.

In support of the motion for a new trial defendant submitted certain written statements of some of the members of the trial jury to the effect that they did not at the time the verdict was rendered believe that defendant had taken and converted the turkeys; that they believe the verdict to be unjust; that certain members of the jury were prejudiced against the defendant, and that the verdict was a compromise. The statements are unverified. It is not claimed that the verdict was a "chance" verdict. The statements are denied by the affidavits of the foremen of the jury and one of the jurors. That a verdict cannot be impeached or discredited by the testimony of the jurors is so well settled that discussion is unnecessary. Anyone interested will find the subject fully considered in Spelling's New Trial & Appellate Practice, § 409.

The defendant also asked for a new trial on the ground of newly discovered evidence. The newly discovered evidence is the proposed testimony of the defendant and his two principal witnesses upon the former trial with respect to certain marks of identification upon the turkeys in controversy. The granting or refusing of a new trial on the ground of newly discovered evidence is a matter which rests within the sound, judicial discretion of the trial court. We are wholly agreed not only that there was no abuse of discretion, but that the ruling was right and proper.

The judgment and order appealed from must be affirmed. It is so ordered.

GRACE, J.    I concur in the result.