ELLEN McILVAINE v. FRANK J. DELANEY.
LAURETTA SEXTON v. SAME.
CATHERINE KELLY v. SAME.[1]

December 29, 1933.

Nos. 29,684, 29,685, 29,686.

[1]Reported in 252 N. W. 234.

*Frank E. McAllister,* for appellants.
*Orr, Stark, Kidder & Freeman,* for respondent.

OLSEN, *Justice.*

Three suits by three different plaintiffs against the defendant, Frank J. Delaney, to recover damages for personal injuries suffered in a collision between an automobile driven by one Harry McIlvaine, in which car plaintiffs were passengers, and an automobile driven by defendant. The three suits were tried together, and the jury returned a verdict in favor of defendant in each case. Plaintiffs moved for a new trial, and each appeals from the order denying the motion. The appeals have been consolidated and are presented here on one record.

The collision happened on July 24, 1932, out in the country near Long Lake, Minnesota, at the intersection of county roads numbered 146 and 45. Road No. 45 runs approximately east and west, and road No. 146 approximately north and south, the roads intersecting approximately at right angles. The McIlvaine car, in which plaintiffs were riding, was coming west on road No. 45. The car driven by defendant was coming south on. road No. 146. There were "Slow" signs but no "Stop" signs on either road at this intersection. There was a post with direction signs at the northwest corner of the intersection and some telephone and other poles on the northeast and southeast corners. The view at the northeast corner of the intersection was obstructed by some trees and brush so that one coming from the north could not see towards the east on road No. 45 until within a few feet of the intersection, and one coming from the east could not see north on road No. 146 until coming close to the intersection. The two roads are each about 25 feet wide at this point. They widen at the intersection in curves for turning. The accident happened at about 8:30 a. m. on a bright, clear day.

The first point urged is that the verdicts are so contrary to the evidence and so lacking in support that the trial court erred in denying a new trial. It is claimed that the evidence shows as a

matter of law that the defendant was negligent and thereby caused the collision, or, at least, the evidence so greatly preponderates in favor of plaintiffs on those issues that it was error not to grant a new trial.

The verdicts being in defendant's favor, we are required to view the evidence in the light most favorable to him. The burden of proof resting on the plaintiffs, the trial court was required to submit the question of defendant's negligence to the jury unless the evidence conclusively established defendant's negligence as a matter of law or unless a verdict in defendant's favor on that issue would be so manifestly against the weight of the evidence that no verdict or judgment in defendant's favor thereon could stand. Maroney v. Minneapolis & St. L. R. Co. 123 Minn. 480, 144 N. W. 149, 49 L.R.A.(N.S.) 756; Cramer v. C. M. & St. P. Ry. Co. 134 Minn. 61, 158 N. W. 796; Rechtzigel v. National Cas. Co. 143 Minn. 302, 173 N. W. 670.

■ Considering the evidence under these rules, it is not such as to permit this court to interfere with the verdicts, approved, as they are, by the trial court. There is evidence reasonably sufficient to sustain the verdicts. Defendant intended to turn to his right at the intersection. He testified that he slowed down to 10 to 12 miles an hour as he got up to the intersection; that he then looked both ways and saw no car approaching; that he then started to turn into road No. 45, and, when he was partly turned so that he was facing southwest, the McIlvaine car came from the east, from his left and rear, and ran into the left front fender and wheel of his car. He testified that he came to and entered the intersection first and did not see the other car until it collided with his car. While there is evidence on behalf of plaintiffs that the McIlvaine car slowed up to some extent for the intersection, the fact that that car rolled over, and was, by its momentum, hurled some 40 feet ahead, while defendant's car was simply turned partly around and stopped within three or four feet, would justify the jury in finding that the McIlvaine car was traveling at much the greater rate of speed. Defendant, at the time he looked to his left when about to enter the intersection, could not see more than 10 to 20 feet

along road No. 45 in that direction; but, being first at the intersection, as he testifies, he had a right to rely to some extent on the supposition that a car coming from his left would respect his right of way and slow up or avoid running into his car. In the situation shown, defendant's negligence was a question of fact for the jury.

■ The evidence does not show that defendant as a matter of law was guilty of the violation of any applicable statute.

▪ ■ Complaint is made of certain parts of the court's charge and of its failure to give requested instructions. The charge given was brief and clear and covered all the issues of fact in the case. The points urged are that the court should have given request No. 10, repeating and stating in more specific detail that plaintiffs were free from contributory negligence and that the negligence of the driver of the McIlvaine car, in which plaintiffs were riding, if there was any such negligence, would not be imputed to plaintiffs; that the court should also have given request No. 11, stating that if the negligence of the defendant was a concurring or contributing cause of the injuries sustained then plaintiffs can recover, even if the driver of their car was also guilty of negligence.

The court, in its general charge, instructed the jury that if they found that plaintiffs had proved by a fair preponderance of the evidence that defendant was negligent and that such negligence directly and proximately caused, or directly and proximately contributed to cause, the collision and the resulting damage, then plaintiffs were entitled to recover. The court further charged:

"As the plaintiffs were passengers, the negligence, if any, of the driver of the car in which they were riding, is not imputable to them, and plaintiffs were not guilty of contributory negligence."

By these statements of the law the court briefly but clearly covered what was embodied in the requests, and there was no occasion or necessity for repeating, in the words of plaintiffs' requests, what had been stated in the general charge. The charge, as given, is neither indefinite nor misleading.

We find no error in the charge as given or in the failure or refusal to add thereto or give the requests.

■ The claim that the court erred in making a remark during the trial is not well founded and requires no discussion here.

The orders appealed from are affirmed.