[File No. 6641.]

W. E. NIMMINS, Respondent, v. IDA SELMA FORSBERG and E. J. Forsberg, Appellants.

(294 N. W. 663.)

Opinion filed August 23, 1940.    Rehearing denied November 28, 1940.

C. A. *Waldron* and *Halvor L. Halvorson,* for appellant.
E. R. *Sinkler* and *G. O. Brekke,* for respondent.

BURKE, J.    Plaintiff brought this action to recover payment for labor performed by him for the defendants under an alleged oral contract of employment.    In his complaint he alleged that between August 15th, 1931, and July 28th, 1938, he worked for the defendant 3,836½ hours at an agreed rate of 85 cents per hour and 230 hours at an agreed rate of 65 cents per hour; that the total amount due him from the defendants for labor was $3,409.52; that he was indebted to the defendants for house rent for the period commencing August 15th, 1931, and ending September 1st, 1938, in the sum of $1,971.    He demanded judgment for the difference or the sum of $1,438.50.    In

their answer and counterclaim the defendants alleged that during the period from August 15th, 1931, to July 28th, 1938, they had employed the plaintiff 3,606½ hours at an agreed rate of 50 cents per hour and 230 hours at an agreed rate of 65 cents per·hour; that they had paid plaintiff $210 on account of said labor and the total amount due plaintiff for labor was $1,742.25; that plaintiff was indebted to them for house rent for the period from August 15th, 1931, to September 1st, 1938, in the sum of $2,313.50 leaving a balance in their favor of $571.25 for which sum they demanded judgment in their counterclaim.

During the trial and at the close of plaintiff's case defendants moved for a dismissal of the action and for a directed verdict upon the ground that the evidence was insufficient to support the allegations of the complaint. The motions were denied. After both sides had rested, the defendants renewed their motion for a dismissal and also moved for a directed verdict upon the ground "that plaintiff has failed to sustain the burden of proof; that plaintiff has failed by a fair preponderance of the evidence to sustain the position taken by the plaintiff as regards the employment arrangement with the defendants; that the evidence is so conclusive that it would be unreasonable for a finding in any other direction than in favor of the defendants." The motions were denied and the issues in the case were submitted to the jury. A verdict was returned in favor of the plaintiff in the sum of $850. Thereafter defendants moved, first, for judgment notwithstanding the verdict and second, for judgment notwithstanding the verdict or for a new trial These motions were also denied. The case comes here upon appeal from the judgment and from the orders of the trial court denying such motions.

The sole ground for reversal urged upon the argument and in the brief is that the verdict of the jury should be set aside because there is no credible evidence in the record sufficient to justify a finding that the contract rate of wages was as claimed by the plaintiff.

Plaintiff testified, that a few days prior to August 15th, 1931, the defendant, E. J. Forsberg, employed him as a painter and decorator and agreed to pay him "union scale wages;" that plaintiff thereafter worked for the defendants a total of 4,066½ hours between August 15th, 1931,

and September 1st, 1938; that there was no other agreement or conversation between him and either of the defendants with respect to wages until the summer of 1938, when he agreed with the defendant, Ida Forsberg, to settle for 230 hours of such labor at the rate of 65 cents an hour. Both the plaintiff and the secretary of the painters' union testified that the union scale of wages for painters and decorators was 75 cents to 85 cents· an hour from 1931 to 1936 inclusive, and one dollar an hour in 1937 and 1938. The defendant, E. J. Forsberg, testified that he employed the plaintiff in the summer of 1938, at the rate of 50 cents per hour and that during all the time the plaintiff worked for him and Mrs. Forsberg there was no other specific reference made by the plaintiff or the defendants, to the rate of pay which the plaintiff was to receive until the summer of 1938; that from time to time he credited the plaintiff upon rent due him from the plaintiff, at the rate of 50 cents per hour, for the hours of labor reported to him by the plaintiff; that from January 1st, 1933, until September 1st, 1938, these credits did not equal the amount due for rent and that plaintiff was constantly in arrears; that he continually asked the plaintiff for payment of rent and received from him as payment thereon $35 in 1933, and $15 in 1934. Plaintiff conceded that he made the payments upon rent as claimed. On April 21st, 1933, in reply to defendant's demand for rent plaintiff wrote: "Now Mr. Forsberg I am going to ask you to kindly be patient and I will do the best I can don't know as yet when we will be at home, so if you will write me here and tell me that it will meet with your approval I will greatly appreciate it. As far as us giving you the money for rent that my folks sent me to come home on a visit (probly for the last time) is entirely out of the question."

On November 13th, 1935, plaintiff made an application for work to the North Dakota Emergency Relief Administration in which he stated that E. J. Forsberg was his employer and that his rate of pay was 50 cents per hour. Plaintiff never at any time between 1931 and the spring of 1938, made claim that his rent was paid or that there was any sum due him from the defendants although as he stated, "He (E. J. Forsberg) was always after me for rent, certainly." Plaintiff's wages computed at 75 cents an hour for the labor performed by him for the defendants amount each year to a sum greater than that which was due from him to the defendants for rent.

Defendants concede that if plaintiff's testimony is credible the evidence is sufficient to sustain the verdict. They contend, however, that plaintiff's acknowledgment of indebtedness in 1933, his application for relief and his statement to the Relief Administration that he was receiving 50 cents an hour in 1935, his payment of rent in 1933 and 1934, and his failure to protest defendant's claims for rent due over the entire period from 1931 to 1938, conclusively brand his statement that he was to have union scale wages as a falsehood and that the verdict therefore must be set aside.

The conclusions which counsel assert should be drawn from the inconsistent acts and statements of plaintiff were no doubt as forcefully argued before the jury as they have been here. Such arguments were proper before the jury. They are persuasive of the point contended for, but they do not of necessity compel the conclusion that plaintiff's testimony as to the terms of his contract of employment is false. Plaintiff's statement to the Relief Administration that he was employed at 50 cents an hour and his testimony that he was to be paid union scale wages cannot both be true. Neither statement, however, is inherently incredible and as between the two inconsistent statements, it was for the jury to decide which one was true. And the fact that the jury may have given credence to testimony which upon the face of the record appears improbable does not warrant the setting aside of the verdict by the Supreme Court. Mikkelson v. Snider, 43 N. D. 416, 175 N. W. 220; Ottaway v. Gutman, 207 Mich. 393, 174 N. W. 127; Emery v. Ocean Acci. & G. Corp. 209 Mich. 295, 176 N. W. 566; Rosenblatt v. Chicago, M. & St. P. R. Co. 115 Minn. 108, 131 N. W. 1060; Babendure v. Baker, 218 Iowa 31, 253 N. W. 834.

The judgment is therefore affirmed.

NUESSLE, Ch. J., and MORRIS and CHRISTIANSON, JJ., concur.

BURR, J. I dissent. The record shows the plaintiff, upon whose testimony this case must stand in the main, is an incredible witness. His letters regarding his debt for rent, his deliberate statement to the Federal Government as to his rate of wages and his employer, naming

Forsberg, is such that it is clearly unjust to permit such a verdict to stand.

BURKE, J. (on reargument). A reargument was granted in this case and after reconsideration we adhere to the opinion originally filed.

NUESSLE, Ch. J., and MORRIS and CHRISTIANSON, JJ., concur.

BURR, J. I dissent on grounds heretofore stated.