[File No. 7303]

## JERRY REUTER, Appellant, v. HARLAND E. OLSON, Respondent

(59 NW2d 830)

Opinion filed August 4, 1953.

*Robert Vogel,* for appellant.
*Ella Van Berkom,* for respondent.

BURKE, J. This action arose out of a collision between two motor vehicles. Each party sought a recovery for injuries alleged to have been caused by the negligence of the other and

each denied any negligence on his own part. Upon the trial of the case the jury returned a verdict for dismissal of the action and judgment was entered in accordance with the verdict. Plaintiff thereafter moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was denied in both its phases and plaintiff has appealed both from the order denying the motion and from the judgment. The specifications of error challenge several of the instructions and the sufficiency of the evidence.

The collision occurred at the intersection of Highway 37 and a street of the City of Garrison. Immediately prior to the collision plaintiff was proceeding westward on Highway 37 and defendant was moving in a southeasterly direction on the city street. As the two vehicles neared the intersection the angle between their lines of approach was about 135 degrees. Vehicles entering the highway from the street were required first to come to a full stop and there was a stop sign at the intersection notifying drivers of that fact. It is undisputed that defendant proceeded onto the highway without stopping and that thereafter the collision occurred. Defendant's testimony is to the effect that as he approached the highway he applied pressure to his brake pedal in order to bring his car to a stop, that then he discovered that his brakes were not in working order, that he shifted into second gear to hurry across the highway in front of the plaintiff; that he was successful in this maneuver; that he crossed the highway to its south lane and was headed east when plaintiff drove diagonally across the highway and struck his car. Plaintiff testified that he noticed defendant's car first when it was one hundred or one hundred fifty feet from the intersection, that the next time he noticed it, it was right in front of him, that he tried to turn left to avoid it, but collided with it in the north lane of the highway. Plaintiff's contention is the defendant was negligent in driving onto the highway without stopping; that he (plaintiff) had a right to assume that defendant would stop and a right to rely on that assumption, that in these circumstances he was not obliged to keep a continuous lookout and that there was therefore no negligence on his part. Defendant's contentions are; first, that he

had safely crossed the center line of the highway before the collision and that the collision was caused by plaintiff's negligence in leaving his proper lane and crossing to the south or left hand (to the plaintiff) lane; and second, that in any event, when plaintiff saw the defendant in a position of peril, he had an opportunity to take the easy turn to the right and avoid the collision.

The first specification of error is that the court erred in reading the complaint and answer in stating the issues in the case to the jury. Error is predicated on the fact that the answer alleged a version of the facts which was contrary to defendant's testimony and also on the fact that after the complaint and answer had been read the court failed to read plaintiff's reply. On several occasions we have held that it is bad practice for the court to read the pleadings to the jury. Branthover v. Monarch Elevator Co., 33 ND 454, 156 NW 927; Elliot Supply Co. v. Green, 35 ND 641, 160 NW 1002; Black v. Smith, 58 ND 109, 224 NW 915; Voter v. Newsalt, 58 ND 154, 225 NW 74; Hoffer v. Burd, 78 ND 278, 49 NW2d 282. Though the practice is generally disapproved it is not reversible error unless it appears that a party to the action has been prejudiced thereby. Voter v. Newsalt, supra; Hoffer v. Burd, supra. Here the unsupported allegation of the answer which was read to the jury was:

"That said plaintiff left his lane of traffic and drove his automobile across the center line of said highway and into the left hand lane of traffic contrary to law, in which said lane of traffic plaintiff was driving his automobile, that upon seeing the approaching car of the defendant, plaintiff drove his automobile over and upon the extreme right shoulder of said highway and slowed down to a stop; and while thus proceeding the plaintiff drove his automobile against, upon, and into the front left side of defendant's automobile."

It is clear that this paragraph of the answer uses the word "plaintiff" in two instances where the word "defendant" was intended. No doubt defendant intended to allege that plaintiff left his proper lane of traffic and drove into the left hand lane in which defendant (not plaintiff) was driving and that defendant (not plaintiff) drove his automobile over and upon the ex-

treme right shoulder of said highway and slowed down to a stop. If we consider that the jury understood this paragraph as the defendant intended it to be understood, it contains an allegation not supported by any evidence. The defendant did not testify that he "drove upon the extreme right shoulder of the road and slowed down to a stop" before the collision. His testimony was that he had reached the south lane of the highway and was headed east before the collision and that his car was still in motion at the time of the collision. In view of the fact that the jury dismissed the defendant's counterclaim, we do not see how the reading of this allegation could have been prejudicial to plaintiff. To reach such a verdict the jury must have found that defendant had not driven upon the extreme right shoulder of the road and stopped before the collision. On the other hand if we assume that the reading of this paragraph of the answer was merely confusing to the jury, there would still be no prejudice to the plaintiff for the confusion would exist in connection with the contentions of the defendant and not those of the plaintiff.

The second specification of error is that the court erred in instructing the jury as follows:

"I charge you that even though you find that the defendant failed to stop at the stop sign, yet, if such failure to stop was not the proximate cause of the collision, that is, if the collision did not occur by reason of the failure to stop and that such failure to stop was not the proximate cause of the injuries which plaintiff's automobile sustained, then such failure to stop did not proximately cause the damage to plaintiff's car."

This instruction is not challenged upon the ground that it is an incorrect statement of the law or that it is not applicable to the evidence and issues in the case. It is objected to because "It is repetitive, the Court having already instructed in general on proximate cause, that it is specific instead of general, and that it was unduly emphasized." We see no merit in these contentions. The instruction merely pointed out the applicability of the general instructions to the evidence in the case.

The third specification of error is that the court erred in giving the following instructions:

"It is the law that a driver of a motor vehicle must drive on

the right hand side of the road. If you find that the plaintiff failed to drive on said right side of the road, and that his failure to do so was negligent, and that such negligence proximately caused the damages to defendant's automobile then plaintiff would not be entitled to recover."

It is said that this instruction is error "for the reason that it stated the law to be applicable only to the plaintiff and ignored the rule of law as to crossing the center line in order to avoid accidents if possible." There is no merit in this specification. Under the evidence the instruction could apply only to the plaintiff. There is evidence that plaintiff drove on the wrong side of the road, but no evidence that the defendant did. With respect to avoiding an accident the trial judge in another part of the instructions, charged, "In an emergency a driver of a vehicle is required only to act in the manner of a reasonable, prudent man, and is not to be held liable for failure to choose the wisest course of action, if the course he did choose is such as a reasonably prudent man might choose." This instruction applied to any action which the plaintiff might have taken to avoid a collision, including crossing the center line of the highway. The instructions must be considered as a whole. Froh v. Hein, 76 ND 701, 39 NW2d 11; Burkstrand v. Rasmussen, 77 ND 716, 45 NW2d 485.

In his fourth specification of error plaintiff asserts that it was error for the court to instruct upon the doctrine of contributory negligence since neither party pleaded contributory negligence on the part of the other. Each party did, however, plead primary negligence on the part of the other party and offered evidence which tended to establish such negligence. Thus the question of negligence of both parties was in issue. Whether the collision was caused solely by the negligence of one party, or by the concurrent negligence of both parties, or by the primary negligence of one party and the contributory negligence of the other, were issues which arose upon the evidence in the case. The instruction was therefore proper. 65 CJS (Negligence Sec 293) 1245.

Plaintiff's fifth specification of error is that the court erred in instructing upon the doctrine of last clear chance. It was

defendant's contention, that, even if defendant were negligent in proceeding through the stop sign without stopping, plaintiff still had an opportunity to avoid the collision by turning to the right and proceeding up the street by which the defendant had approached the intersection. In support of this theory defendant offered testimony that the turn was one which could have been safely negotiated at fifty miles an hour. Plaintiff's testimony was that when he first saw the defendant after he had passed through the stop sign, defendant's car was right in front of him. Whether the question of a last clear chance on the part of the plaintiff was properly at issue under the evidence, may be a close question, but whether the issue was properly submitted or not, its submission was not prejudicial to the plaintiff, since the jury in dismissing defendant's counterclaim must have found that plaintiff did not have the last clear chance of avoiding the collision. A party cannot complain of the giving of instructions on an issue upon which the jury found in his favor. International Soc. v. Hildreth, 11 ND 262, 91 NW 70.

Plaintiff's sixth specification of error is that the trial court erred in prefacing one of his instructions with the remark, "At the request of counsel, I instruct you". As to the circumstances in which the remark was made, the record shows that upon completing his instructions the court asked: "Is there anything else that counsel desires for the jury?" The attorney for the defendant replied, "I think that covers it." The attorney for plaintiff said, "I believe there is one, your Honor." He then presented a requested instruction to the Court and the Court said: "I think this instruction here is okay. At the request of counsel, I instruct you." Section 28–1412 NDRC 1943 provides:

". . . All instructions given by the court to the jurors must be read or given to them orally by the court without disclosing whether such instructions were requested or not."

Ordinarily it would be prejudicial error for the court to violate the mandatory provisions of this statute. 'Ferderer v. Northern Pacific Ry. Co., 75 ND 139, 26 NW2d 236. However, the purpose of the statute is to keep from the jury knowledge that any instruction was requested in order that all instructions may stand

on the some footing authoritatively as the instructions of the court. Here the jury acquired knowledge that the instruction was requested, in the first instance, not from the statement of the court but from the statements and actions of the attorney for the plaintiff. The question of the court, set forth above, the replies by counsel, and the presentation of the instruction to the court by counsel for the plaintiff all took place in the presence of the jury. Counsel cannot complain because the trial court informed the jurors that the instruction was requested when his own statement and acts had previously made that fact perfectly clear to them.

Plaintiff's seventh specification of error is that the court erred in instructing the jury upon the theory of unavoidable accident. "The issue of unavoidable accident is raised when there is evidence tending to prove that the injury resulted from some cause other than the negligence of the parties." Orange & N. W. R. Co. v. Harris, 89 SW2d 973, 975, 127 Tex 13; Dallas Ry. & Terminal Co. v. Darden (Tex Com App) 38 SW2d 777. There is evidence in this case that defendant proceeded through the stop sign because of an unaccountable failure of his brakes. He testified that his brakes had been in operating order when he had last previously used them only a few minutes earlier. This evidence raised the issue of unavoidable accident and it was accordingly not error for the court to submit the issue to the jury.

Plaintiff's eighth specification of error is that the court erred in instructing that contributory negligence in any degree as the proximate cause of the accident on the part of either party would bar a recovery by that party. Plaintiff's counsel states his objection to the instruction as follows: "The use of the words *in any degree* in such a context is prejudicial error because it ignores the essential element that negligence on the part of the plaintiff must have contributed proximately to his injury in order to bar his recovery."

There is no merit in this specification. The instruction did not ignore the element of proximate cause, it specifically referred to it and limited the negligence which would bar a recovery to "contributory negligence as the proximate cause." While the language used by the trial court was not legally

precise, nevertheless in view of the fact that elsewhere in the instructions contributory negligence and proximate cause were adequately defined, we do not see how the jury could have been confused or misled.

Likewise there is no merit in the plaintiff's contention that, under the evidence he was entitled to judgment as a matter of law. As has been heretofore set forth in this opinion, the evidence is conflicting. Defendant testified that he had safely crossed the north lane of the highway and was proceeding eastward in the south lane when plaintiff turned out of his proper lane and ran into him. If this testimony is true, plaintiff could not recover.

The credibility of witnesses and the probability of their testimony are questions for the jury and not for an appellate court. Mikkelson v. Snider, 43 ND 416, 175 NW 220; Nimmins v. Forsberg, 70 ND 417, 294 NW 663. And where the evidence is conflicting and different conclusions may reasonably be drawn therefrom, The Supreme Court on appeal will not disturb the verdict nor the order of the trial court denying motions for judgment notwithstanding the verdict and for a new trial on the ground of the insufficiency of the evidence. Jacobs v. Bever, ante, 168, 55 NW2d 512.

The judgment of the district court is affirmed.

MORRIS, C. J., and GRIMSON, CHRISTIANSON, SATHRE, JJ., concur